J-S15002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GINA DEBELLIS, CO-EXECUTOR OF THE ESTATE OF PHILIP CANNELLA, DECEASED, AND MARIANNE BRATTELI, CO-EXECUTOR OF THE ESTATE OF PHILIP CANNELLA, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MERCY/MANOR PARTNERSHIP D/B/A MANORCARE HEALTH SERVICES-MERCY-FITZGERALD, AND HCR MANOR CARE SERVICES, LLC AND MANOR CARE, INC. | |
| Appellants | No. 2134 EDA 2016 |

Appeal from the Order Dated June 28, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2015-4985

BEFORE:   BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:                **FILED MARCH 15, 2017**

Mercy/Manor Partnership d/b/a ManorCare Health Services-Mercy-Fitzgerald, HCR ManorCare Services, LLC, and ManorCare, Inc., (collectively "ManorCare"), appeal from the June 28, 2016 order overruling preliminary objections in the nature of a motion to compel arbitration of the Plaintiffs'

wrongful death and survival claims.[1]  We affirm in part, vacate in part, and remand for further proceedings consistent herewith.

This is a wrongful death and survival action.  ManorCare sought to compel arbitration of the claims pursuant to an Arbitration Agreement executed by Decedent's daughter pursuant to a power of attorney.  Based on our decision in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 652 (Pa.Super. 2013), the trial court overruled the preliminary objections and declined to compel arbitration of the wrongful death claim.  It also refused to compel arbitration of the survival action predicated upon this Court's then-binding decision in *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015), holding that, since Pa.R.C.P. 213 and 42 Pa.C.S. § 8301 mandated consolidation of wrongful death and survival actions, and only a judicial forum could accommodate the wrongful death beneficiaries right to a jury trial, the court could not sever the survival claim and send it to arbitration.  The trial court did not rule on Plaintiffs' alternative argument that the Arbitration Agreement was an unconscionable contract of adhesion, and hence, unenforceable.

---

[1]  This interlocutory appeal is authorized by Pa.R.A.P. 311(a)(8) (permitting an interlocutory appeal from any order that is made appealable by statute), and the Uniform Arbitration Act, 42 Pa.C.S. § 7320(a)(1), which provides that an appeal may be taken from "[a] court order denying an application to compel arbitration."

ManorCare appealed. While the appeal was pending, but prior to the filing of briefs, the Pennsylvania Supreme Court overruled this Court's decision in *Taylor*, holding that Pennsylvania's rule requiring wrongful death and survival actions to be tried together was pre-empted by the Federal Arbitration Act to the extent it operated to nullify an agreement to arbitrate. *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490 (Pa. 2016). The Supreme Court remanded the case for a trial court determination on the alternative grounds asserted for the unenforceability of the arbitration agreement vis-à-vis the survival claim.

ManorCare acknowledges that under *Pisano*, the wrongful death beneficiaries are entitled to a jury trial. Thus, we affirm the trial court's order refusing to compel arbitration of the wrongful death action. However, consistent with the Supreme Court's decision in *Taylor*, *supra*, we vacate that part of the order overruling preliminary objections seeking to compel arbitration of the survival action and remand for a trial court determination of whether that Agreement is unenforceable on any of the alternative grounds asserted by Plaintiffs.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent herewith. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017